## UNITED STATES v. BLUMBERG et al.

### (District Court, E. D. Pennsylvania. May 25, 1921.)

### No. 79.

Criminal law ⊂⇒942(2)—Prior opinion expressed by witness not ground for new trial.

    Newly discovered evidence, which went no further than to show that a material witness for the government had, at a time prior to the indictment, expressed an opinion that defendants were ignorant of facts essential to establish the fraud charged, *held* not ground for granting a new trial, where the verdict of the jury was supported by evidence of substantive facts.

Criminal prosecution by the United States against Jacob and Barney Blumberg. On motion in arrest of judgment and for new trial. Denied.

T. Henry Walnut, Sp. Ass't. U. S. Atty., and Chas. D. McAvoy, U. S. Atty., both of Philadelphia, Pa.

Harry M. Berkowitz and J. Washington Logue, both of Philadelphia, Pa., for defendant.·

THOMPSON, District Judge. The defendants were convicted upon a charge of conspiracy to defraud the United States in the making of false income tax returns. The testimony tended to show that they had obtained the assistance of the officers of a bank in which they kept the accounts of their business, that of buying and selling scrap metal, in making their return, and that the return so made was false and fraudulent, in that the income of the defendants largely exceeded that contained in the return so made up at their request. The plea of the defendants throughout the case was that of absolute ignorance of the extent of their business, of the sums received from sales of scrap, and of the sums paid out in business expenses. It was claimed that they kept no books and were too ignorant to know any of the details of their business. Books found in their place of business with leaves cut out and showing entries beginning the first part of the year after the taxable year for which they made their return were produced in evidence.

At the trial, which occupied several days, vigorous objection was made to various items of testimony offered on the part of the government, and rulings upon the admission of evidence have been set up as reasons for granting a new trial. I am of the opinion that there was no such substantial error in the admission of evidence as to justify a new trial upon that ground.

Before the argument, however, the defendants' counsel presented additional reasons based on after-discovered evidence. The after-discovered evidence consisted of a receipt signed by Joseph E. Kelly, the internal revenue agent who had charge of the investigation of the case, in which he acknowledges receipt from the attorney for Bernard and Jacob Blumberg of amended partnership and individual income tax

returns and which contains a recital that "after George K. Watson & Co. had been employed to build a set of books for the year 1917 for the said firm and individuals and after obtaining said information, which was not in the hands of either the Ridge Avenue Iron & Metal Company or Bernard Blumberg or Jacob Blumberg prior to that time, the said revenue agent, Joseph Kelly, is to file the same," etc.

The court permitted the taking of depositions for the purpose of showing that the receipt in question was not available at the time of the trial, the original counsel for the defendants having died after obtaining the receipt and before the trial, and its existence not being known to their present counsel. Its only significance is in the statement as to obtaining information which was not in the hands of the defendants prior to the date of the receipt. It is urged by counsel for the defendants that it is very material to their case that Mr. Kelly, who was one of the principal witnesses for the government, made such an admission, that it was an important fact for the jury and he should be cross-examined upon it at the trial.

The most that could have been proved by the production of the paper was that, at the time it was signed, Mr. Kelly was of the opinion that the information for making up the income tax returns had not been in the hands of the defendants prior' thereto. Whether Mr. Kelly was of that opinion at that time or whether he subsequently changed his opinion would have no direct bearing upon the case.

The facts which were left to the jury to consider were substantive facts in relation to the amount of the defendants' net income as shown by the evidence of sales and receipts in their business, obtained directly from their customers, a comparison of the resultant amount of income with what was set out in the original return, and facts showing motive and intent. It was a question for the jury to determine whether the defendants had information upon which they could have based an income tax return different from the one they did present. And it was for the jury to infer the facts from the evidence and not from any opinion formed in Mr. Kelly's mind. The verdict of the jury was entirely justified by the evidence in the case and all the facts were left to them to determine. It is hardly probable that the question of Mr. Kelly's opinion as to the availability of information could in any respect have effected the verdict.

While it is apparent that neither Mr. Logue nor Mr. Berkowitz had knowledge of the existence of the receipt, it did develop that it was known to Mr. Watson, the accountant who was actively interested in the case on behalf of the defendants, and he might have called the attention of counsel to its existence. The presumption is that the paper was not considered of any special significance by anybody in connection with the case who knew of its existence until after the trial, and there is nothing to show that information of its existence was purposely withheld by Mr. Kelly. As its relevancy on cross-examination is doubtful, and in all probability it would not effect the result, I do not consider it such after-discovered evidence as should influence the court in setting aside the verdict and granting a new trial.

The motion in arrest of judgment and for a new trial is denied, and it is ordered that the defendants appear in court on Tuesday, the 31st instant, at 10 o'clock a. m., for sentence.